Louis E. Garfinkel, Esq.
Nevada Bar No. 3416
Jody W. Hagins, Esq.
Nevada Bar No. 11983
REISMAN SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Telephone: (702) 727-6258
Facsimile: (702) 446-6756
Email: lgarfinkel@rsnvlaw.com
Email: jhagins@rsnvlaw.com

Attorneys for Defendant Lyft, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANKIE R. PINEDA, an individual; MICHAEL A. ABENANTE, an individual; AMANDA ABENANTE, an individual and, LORRAINE CINTRON, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>NEAL HAKEEN SABREE, an individual; NICOLAS RAYGOZA, an individual, LYFT INC., a foreign corporation; DOES 1 through 10; ROE ENTITIES 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30,<br>Defendants. | Case No.<br><br>**DEFENDANT LYFT, INC.'S PETITION FOR REMOVAL** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), and 1446(a), Defendant Lyft, Inc. ("Lyft"), petitions this court for removal from the Eighth Judicial District Court, Clark County, Nevada, to this Court and submits the following information in support of this request:

1

1. Prior to initiating the present suit, Plaintiff Amanda Abenante's counsel, Dennis Lynch, Esq., provided to counsel retained by Progressive, the insurance carrier for Defendants Lyft and Neal Hakeen Sabree ("Sabree"), a letter. The letter included a bill for medical services and treatment provided to Plaintiff Amanda Abenante from Sunrise Hospital totaling $1,159,512.00, in connection with Plaintiffs' claims stemming from a motor vehicle accident that took place on August 1, 2021, in Las Vegas, Clark County, Nevada. A true and correct copy of this letter is attached as Exhibit A.

2. Plaintiffs filed their Complaint against Defendants Sabree, Nicolas Raygoza ("Raygoza") and Lyft in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-22-854149-C, on June 15, 2022. *See* Plaintiffs' Complaint, attached as Exhibit B.

3. A copy of the Summons and Complaint was served on Lyft on August 22, 2022. *See* Affidavit of Service, attached as Exhibit C.

4. Lyft believes that Defendants Sabree and Raygoza have not yet been served. *See* Register of Actions Case No. A-22-854149-C, attached as Exhibit D. (showing summonses issued to Defendants Lyft, Sabree and Raygoza, but no Affidavit of Service filed Defendants Sabree and Raygoza).

5. Under 28 U.S.C. §1446(b)(3), the 30-day period for removal began to run on August 22, 2022, when Plaintiffs served Lyft's registered agent via process server. *See* Exhibit C.

6. Thirty-days have not lapsed since Plaintiffs effectuated service upon Lyft by serving Lyft's registered agent via process server, and removal is sought within one year of the filing of the Complaint.

7. Assignment to this Court is proper because the action was pending in the Eighth Judicial District Court, Clark County, Nevada.

## **JURISDICTION**

8. Under 28 U.S.C. §1441, Lyft has a statutory right to remove this case from state court to this United States District Court because this case could have been originally filed in this federal Court. The grant of this right is authorized by Article III, Section 2 of the United States Constitution,

which extends judicial power of the federal courts to controversies "between citizens of different states." *See* 28 U.S.C. 1332.

9. Removal is proper here because this Court has original jurisdiction of this action under 28 U.S.C. §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* Exhibit A. There is also complete diversity of citizenship between the parties who have been joined and *served* in the state court action. *See* 28 U.S.C. §1441(b)(2) (emphasis added). *See also*, *Lamy v. UPS*, No. 2:09-cv-01890-LRH-RJJ, 2010 U.S. Dist. LEXIS 38784, at *3-4 (D. Nev. Mar. 26, 2010) (stating, "[a]dditionally, a matter may be removed provided that "none of the parties in interest properly joined and *served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Here, although Bledsoe was joined as a defendant, he has not yet been served with the complaint and summons. The only properly joined and served defendant is UPS. Accordingly, removal on diversity jurisdiction grounds was proper.").

**DIVERSITY**

10. Lyft is a Delaware corporation with its principal place of business in California. *See also* Exhibit B at ¶9 (alleging Lyft is a foreign corporation).

11. Plaintiffs Frankie Pineda, Michael Abenante, Amanda Abenante, and Lorraine Cintron are all residents of Cook County, Illinois. *Id.* at ¶¶2-5.

12. On information and belief, Defendants Sabree and Raygoza are residents of Clark County, Nevada. *Id.* at ¶¶7-8. However, neither Sabree nor Raygoza have as yet been served, thus removal to this Court is proper. *See* 28 U.S.C. § 1441(b); *See also Lamy*, 2010 U.S. Dist. LEXIS 38784, at *3-4.

**AMOUNT IN CONTROVERSY**

13. Lyft only needs to prove that it is more likely than not that the amount in controversy satisfies the jurisdictional amount of $75,000.00. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

14. This case was filed in state court, and Nevada Rule of Civil Procedure 8(a) permits a plaintiff seeking more than $15,000.00 in monetary damages to simply request damages in excess of $15,000.00 without needing to specify the specific amount of damages sought. Therefore, the Complaint does not specify that the amount in controversy is greater than $75,000.00. *See* Exhibit

B. However, Plaintiffs allege that they "suffered substantial injuries to their bodies, pain and suffering, lost income and loss of consortium," "sustained personal injuries of a pecuniary and lasting nature," "they have incurred and endured medical bills, lost wages and benefits, pain, suffering, emotional distress, disability, disfigurement and loss of a normal life and will continue to endure the same in the future," and "suffered serious personal injury." *Id.* at ¶¶ 28, 43, 51, and 59.

15. Prior to initiating the present suit, Plaintiff Amanda Abenante's counsel, Dennis Lynch, Esq., provided to counsel retained by Progressive, the insurance carrier for Defendants Lyft and Sabree, a letter. The letter included a bill for medical services and treatment provided to Plaintiff Amanda Abenante from Sunrise Hospital totaling $1,159,512.00, in connection with Plaintiffs' claims stemming from a motor vehicle accident that took place on August 1, 2021, in Las Vegas, Clark County, Nevada. *See* Exhibit A.

16. Plaintiff Amanda Abenante's medical expenses are at least $1,159,512.00. *Id.* Additionally, there are three other Plaintiffs in this matter also seeking damages for their alleged injuries. Plaintiffs are also seeking general and special damages including but not limited to future medical expenses, pain, suffering, mental distress, anguish and fear, loss of consortium (Plaintiff Michael Abenante), and past and future loss of earnings.

17. Based on Plaintiff Amanda Abenante's medical expenses of at least $1,159,512.00, the amount in controversy exceeds $75,000.00. This is not an admission that Lyft is legally responsible for any conduct that would warrant the imposition of liability or damages alleged by Plaintiffs.

**REMOVAL IS PROPER**

18. This action is pending in the Eighth Judicial District Court, Clark County, Nevada. This Court's jurisdiction encompasses Clark County, Nevada. *See* 28 U.S.C. §108. This Court is, therefore, the proper court to which the action should be removed. *See* 28 U.S.C. §1441(a).

19. This notice of removal is timely filed because it was filed within thirty days after the Plaintiff effected service upon Lyft by serving a copy of the Amended Summons and Amended Complaint on Lyft's registered agent, the document from which it was first ascertained that the case is removable. *See* 28 U.S.C. §1446(b)(1).

4

20. Pursuant to 28 U.S.C. §1446(d), written notice of the removal will be served on all other parties and Lyft will timely file a Notice of Removed Action in the Eighth Judicial District Court, Clark County, Nevada. *See* Notice of Removed Action, attached as Exhibit E.

21. There is no other named and served Defendant needing to provide consent to removal.

22. Lyft reserves the right to amend or supplement this Petition for Removal.

DATED this 1st day of September, 2022.

                REISMAN·SOROKAC

                By: */s/Louis E. Garfinkel, Esq.*
                    LOUIS E. GARFINKEL, ESQ.
                    Nevada Bar No. 3416
                    JODY W. HAGINS, ESQ.
                    Nevada Bar No. 11983
                    8965 South Eastern Avenue, Suite 382
                    Las Vegas, Nevada 89123
                    Telephone: (702) 727-6258
                    Facsimile: (702) 446-6756
                    lgarfinkel@rsnvlaw.com
                    jhagins@rsnvlaw.com
                    Attorneys for Defendant Lyft, Inc.

REISMAN·SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Phone: (702) 727-6258 Fax: (702) 446-6756

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that on the 1st day of September, 2022, a true and correct copy of the foregoing **DEFENDANT LYFT, INC.'S PETITION FOR REMOVAL** was served on all CM/ECF registered parties by filing and serving the same using the CM/ECF filing system.

          */s/ Amanda Johnson*
          Amanda Johnson
          An employee of REISMAN·SOROKAC

## **INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Letter and Medical Bill from Sunrise Hospital |
| B | Plaintiff's Complaint |
| C | Affidavit of Service |
| D | Register of Actions Case No. A-22-854149-C |
| E | Notice of Removed Action |

7