EXHIBIT "B"

Plaintiff's Complaint

Electronically Filed
6/15/2022 5:05 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettlesmorris.com
christian@nettlesmorris.com

and

Christopher M. Norem (*pro hac vice* pending)
Dennis M. Lynch (*pro hac vice* pending)
The Law Offices of PARENTE & NOREM, P.C.
221 N. LaSalle St., Ste. 1750
Chicago, Illinois 60601
(312) 641-5926
CN@pninjurylaw.com
DL@pninjurylaw.com
*Attorneys for Plaintiffs*

CASE NO: A-22-854149-C
Department 18

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| FRANKIE R. PINEDA, an individual; MICHAEL A. ABENANTE, an individual; AMANDA ABENANTE, an individual and, LORRAINE CINTRON, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>NEAL HAKEEN SABREE, an individual; NICOLAS RAYGOZA, an individual; LYFT, INC., a foreign corporation; DOES 1 through 10; ROE ENTITIES 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br><br><br>**C O M P L A I N T** |

///

COME NOW Plaintiffs, FRANKIE R. PINEDA, MICHAEL A. ABENANTE, AMANDA ABENANTE, and LORRAINE CINTRON, by and through their counsel, Brian D. Nettles, Esq., and Christian M. Morris, Esq., of NETTLES | MORRIS, and Christopher M. Norem, Esq. and Dennis M. Lynch, Esq. of PARENTE & NOREM, P.C. (*pro hac vice* pending), for their causes of action against Defendants, and each of them, complains and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Eighth Judicial District Court has jurisdiction over this civil tort action pursuant to NRCP 8(a)(4), NRS 13.040, and NRS 41.130 as the occurrence giving rise to this case took place in Nevada and the amount in controversy exceeds $15,000.00.

## PARTIES

2. Plaintiff FRANKIE R. PINEDA (hereinafter, "Pineda") is, and at all relevant times was, an individual residing in Cook County, Illinois.

3. Plaintiff MICHAEL A. ABENANTE (hereinafter, "Mr. Abenante") is, and at all relevant times was, an individual residing in Cook County, Illinois.

4. Plaintiff AMANDA ABENANTE (hereinafter, "Ms. Abenante") is, and at all relevant times was, an individual residing in Cook County, Illinois.

5. Plaintiff LORRAINE CINTRON (hereinafter "Cintron") is, and at all relevant times was, an individual residing in Cook County, Illinois.

6. Plaintiffs Pineda, Mr. Abante, Ms. Abante and Cintron are hereinafter collectively referred to as "Plaintiffs".

7. Upon information and belief, Defendant Nicolas Raygoza (hereinafter, "Raygoza") is, and at all relevant times was, an individual residing was a resident of Clark County, Nevada.

8. Upon information and belief, Defendant Neal Hakeem Sabree (hereinafter, "Sabree") is, and at all relevant times was, an individual residing was a resident of Clark County, Nevada.

9. On information and belief, Defendant LYFT, INC. (hereinafter "Defendant Lyft") is, and at all relevant times herein was, a foreign corporation, duly licensed under the laws of the State of Nevada and doing business in Clark County, Nevada.

10. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants identified herein as DOES 1 through 10, ROE ENTITIES 11 through 20, and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive ("Doe/Roe/ABC Defendants"), are unknown to Plaintiffs at this time, who therefore sues said defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this Complaint accordingly.

11. Plaintiffs are informed, believe, and thereon allege that Doe/Roe/ABC Defendants participated in the ownership, maintenance, inspection, design, repair, construction, manufacture, improvement, alteration, management, control, entrustment, supervision, execution, driving, and/or operation of the vehicles and/or roads involved in this action; Doe/Roe/ABC Defendants, include, but are not limited to, owners, operators, drivers, passengers, family members, principals, mechanics, contractors, manufacturers, insurers, designers, engineers, governmental authorities, and their agents, servants, representatives, employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates, predecessors, and/or successors in interest.

12. Plaintiffs are informed, believe, and thereon allege that Doe/Roe/ABC Defendants shall also include any other contractors, subcontractors or other individuals or entities who were agents, employees, employers, managers, officers of the named Defendants, and/or otherwise working with any of the named Defendants in any capacity at the time of the motor vehicle collision. When the true names and capacities of said persons/entities have been ascertained, Plaintiffs will amend this Complaint accordingly.

13. Plaintiffs are informed, believe, and thereon allege that Doe/Roe/ABC Defendants are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs as hereinafter alleged.

14. Plaintiffs are informed, believe and thereon allege that Doe/Roe/ABC Defendants were involved in the initiation, approval, support, direction, ratification, and/or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiffs of which Plaintiffs are presently unaware.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. At all times relevant hereto and upon information and belief, Sabree was the registered owner and operator of a 2012 Ford Fusion ("Sabree's Vehicle").

16. At all times relevant hereto, Sabree was operating Sabree's Vehicle in his capacity as a driver for Defendant Lyft's transportation network company.

17. At all times relevant hereto and upon information and belief, Raygoza was the registered owner and operator of a 2015 Chrysler 300 Sedan ("Raygoza's Vehicle").

18. On or about August 1, 2021, Plaintiffs were the fault-free passengers in Sabree's Vehicle and engaged the transportation services of Sabree through the use of Defendant's Lyft's ride-share application. At all times relevant, Sabree's Lyft app was on and was being used to navigate the ride.

19. On or about August 1, 2021, Defendant Lyft had the right to control Sabree's conduct, and did control Sabree's conduct in that Lyft set driving and vehicle maintenance standards, could deactivate Sabree's account, controlled the pricing of Lyft rides, and directed how often, if at all, Sabree could refuse a trip.

20. On or about August 1, 2021, Defendant Sabree was the actual or apparent agent of Lyft, such that Lyft is vicariously liable for any negligent act and/or omission of Sabree.

21. On or about August 1, 2021, Sabree's Vehicle was traveling southbound on Paradise Road at or near its intersection with Karen Avenue in Las Vegas, Nevada, and was attempting to make a U-turn onto northbound Paradise Road.

22. When attempting to make the U-turn, the light for traffic controlling north and southbound Paradise Road was yellow.

23. At the same said time and place, Raygoza was traveling northbound on Paradise Road at or near its intersection with Karen Avenue in Las Vegas, Nevada, with the intention of heading straight through the intersection.

24. At the time Raygoza's Vehicle entered the intersection of Paradise Avenue and Karen Drive, the light for traffic controlling north and southbound Paradise Road was yellow.

25. Sabree's Vehicle, in which Plaintiffs were passengers, and Raygoza's Vehicle, collided in the intersection ("Subject Collision").

26. A Las Vegas Metropolitan Police officer investigated the Subject Collision and found Defendant Raygoza to be at fault for the Subject Collision.

27. On information and belief, at the time of the Subject Collision, Sabree was operating as an employee, agent, and/or partner of Defendant Lyft, who is, therefore, jointly and severally liable with Sabree and vicariously liable for Sabree's acts or omissions.

28. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiffs suffered substantial injuries to their bodies, pain and suffering, lost income and loss of consortium.

29. As a direct and proximate result of the acts or omissions of Defendants, and each of them, Plaintiffs were required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

30. Plaintiffs have been damaged by the acts or omissions of Defendants, and each of them, in an amount in excess of $15,000.00.

31. As a direct and proximate result of the acts or omissions of Defendants, and each of them, Plaintiffs have had to retain the services of the law offices of Nettles | Morris and the law offices of Parente & Norem, P.C. to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FIRST CAUSE OF ACTION

### (Negligence — Plaintiffs Against Sabree)

32. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein and proceeds as follows:

-5-

33. At the time of the Subject Collision, Sabree had a duty to exercise reasonable care for the safety of his passengers.

34. Notwithstanding the aforesaid duty, Sabree breached that duty in one or more of the following careless and negligent ways:

    a) Did not keep a proper lookout;

    b) Entered the intersection when it was unsafe to do so;

    c) Made a U-turn in the intersection when there was conflicting traffic approaching;

    d) Moved the vehicle from a position of safety when it was unsafe to do so;

    e) Did not reduce speed to avoid a collision; and,

    f) Was otherwise careless and negligent.

35. At all times relevant hereto, there were in effect statutes, ordinances, and regulations prohibiting the conduct exhibited by Sabree.

36. Pursuant to NRS 484B.403, it is unlawful for a driver to perform a U-turn on a road unless such movement can be made safely.

37. Plaintiffs belong to the class of persons that NRS 484B.403 was intended to protect.

38. Plaintiffs sustained injuries of the type that said statutes, ordinances, and regulations were intended to prevent.

39. Upon information and belief, at the time of the Subject Collision, Sabree violated NRS 484B.403 when he performed a U-turn on a yellow light as Raygoza's Vehicle crossed the intersection of Paradise Road and Karen Avenue.

40. Under the doctrine of *Negligence Per Se*, Sabree's violation of NRS 484B.403 constitutes a breach of a duty owed by Sabree to Plaintiffs.

41. Sabree's violation of NRS 484B.403 was the legal and proximate cause of Plaintiffs' injuries.

42. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the vehicle operated by Sabree, in which Plaintiffs were passengers, collided with the vehicle operated by Raygoza in the intersection.

43. As a direct and proximate result of the negligence of the Sabree, Plaintiffs, sustained personal injuries of a pecuniary and lasting nature. They have incurred and endured medical bills, lost wages and benefits, pain, suffering, emotional distress, disability, disfigurement and loss of a normal life and will continue to incur and endure the same in the future.

44. Plaintiffs have been damaged by the acts and omissions of Sabree in an amount in excess of $15,000.00.

45. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has had to retain the services of Nettles | Morris and the law offices of Parente & Norem, P.C. to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## SECOND CAUSE OF ACTION

### (Respondeat Superior — Plaintiffs Against Lyft, Inc. and/or Doe/Roe/ABC)

46. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein and proceed as follows:

47. Upon information and belief, Sabree was an employee and/or agent of Defendant Lyft, and, at the time of the Subject Collision described herein, was operating his vehicle within the course and scope of his employment.

48. Defendant Lyft owed Plaintiffs a duty by and through its duly authorized officers, employees, and actual or apparent agents, including but not limited to Sabree, to exercise reasonable care for the safety of others, including the Plaintiffs.

49. Notwithstanding the aforesaid duty, Defendant Lyft, by and through its duly authorized actual or apparent agent, Sabree, carelessly and negligently breached that duty in one or more of the following ways:

    a) Did not keep a proper lookout;

    b) Entered the intersection when it was unsafe to do so;

      c)     Made a U-turn in the intersection when there was conflicting traffic approaching;

      d)     Moved the vehicle from a position of safety when it was unsafe to do so;

      e)     Did not reduce speed to avoid a collision; and,

      f)     Was otherwise careless and negligent.

50. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the vehicle operated by Sabree, in which Plaintiffs were passengers, collided with the vehicle operated by Raygoza in the intersection.

51. As a direct and proximate result of the negligence of the Sabree, Plaintiffs sustained personal injuries of a pecuniary and lasting nature. They have incurred and endured medical bills, lost wages and benefits, pain, suffering, emotional distress, disability, disfigurement and loss of a normal life and will continue to incur and endure the same in the future.

51. The liability of Sabree to Plaintiffs for damages sustained in the Subject Collision described herein is fully and wholly imputed to Defendant Lyft and/or Doe/Roe/ABC employing Sabree pursuant to the doctrine of respondeat superior.

53. Plaintiffs have been damaged by the acts and omissions of Sabree in an amount in excess of $15,000.00.

54. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has had to retain the services of Nettles | Morris and the law offices of Parente & Norem, P.C. to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

### THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Retention, and/or Supervision — Plaintiffs Against Lyft, Inc. and/or Doe/Roe/ABC)

55. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein and proceed as follows:

-8-

56. Defendant Lyft and/or Doe/Roe/ABC owed a non-delegable duty to Plaintiffs to exercise due care in the selection, training, oversight, direction, retention, and control of their employees/agents/contractors, including Sabree.

57. Defendant Lyft and/or Doe/Roe/ABC breached the non-delegable duty to Plaintiffs by failing to properly select, train, oversee, direct, retain, control, and supervise Sabree.

58. Breach of these duties by Defendant Lyft and/or Doe/Roe/ABC was the legal and proximate cause of Plaintiffs' damages.

59. As a direct and proximate result of the actions or omissions of Defendant Lyft and/or Doe/Roe/ABC, Plaintiffs suffered serious personal injury.

60. As a direct and proximate result of the acts and omissions of Lyft, Inc. and/or Doe/Roe/ABC, Plaintiffs were required to obtain medical services and treatment and incurred expenses.

61. Plaintiffs have been damaged by the negligence of Defendant Lyft and/or Doe/Roe/ABC in an amount in excess of $15,000.00.

62. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has had to retain the services of Nettles | Morris and the law offices of Parente & Norem, P.C. to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

### FOURTH CAUSE OF ACTION

#### (Negligence — Plaintiffs Against Raygoza)

63. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as though fully set forth herein and proceed as follows:

64. At the time of the Subject Collision, Raygoza had a duty to exercise reasonable care for the safety of other motorists, including Plaintiffs.

65. Notwithstanding the aforesaid duty, Raygoza breached that duty in one or more of the following careless and negligent ways:

    a) Did not keep a proper lookout;

    b) Entered the intersection when it was unsafe to do so;

  c)  Operated his vehicle while under the influence of alcohol;

  d)  Moved the vehicle from a position of safety when it was unsafe to do so;

  e)  Operated his vehicle at an excessive rate of speed;

  f)  Did not reduce speed to avoid a collision; and,

  g)  Was otherwise careless and negligent.

66. At all times relevant hereto, there were in effect statutes, ordinances, and regulations prohibiting the conduct exhibited by Raygoza.

67. Pursuant to NRS 484B.250, it is unlawful for a driver to enter an intersection without yielding right-of-way to a vehicle which has already entered the intersection.

68. Plaintiffs belong to the class of persons that NRS 484B.250 was intended to protect.

69. Plaintiffs sustained injuries of the type that said statutes, ordinances, and regulations were intended to prevent.

70. Upon information and belief, at the time of the Subject Collision, Raygoza violated NRS 484B.250 when he crossed the intersection of Paradise Road and Karen Avenue on a yellow light as Sabree's Vehicle made a U-turn at the aforementioned intersection.

71. Under the doctrine of *Negligence Per Se*, Raygoza's violation of NRS 484B.250 constitutes a breach of a duty owed by Raygoza to Plaintiffs.

72. Raygoza's violation of NRS 484B.250 was the legal and proximate cause of Plaintiffs' injuries.

73. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the vehicle operated by Sabree, in which Plaintiffs were passengers, collided with the vehicle operated by Raygoza in the intersection.

74. As a direct and proximate result of the negligence of Raygoza, Plaintiffs sustained personal injuries of a pecuniary and lasting nature. They have incurred and endured medical bills, lost wages and benefits, pain, suffering, emotional distress, disability, disfigurement and loss of a normal life and will continue to incur and endure the same in the future.

75. Plaintiffs have been damaged by the acts and omissions of Raygoza in an amount in excess of $15,000.00.

76. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has had to retain the services of Nettles | Morris and the law offices of Parente & Norem, P.C. to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FIFTH CAUSE OF ACTION

### (Loss of Consortium — Mr. Abenante Against Sabree, Lyft and Raygoza)

77. Mr. Abenante, repeats and re-alleges each and every allegation contained in the preceding paragraphs as though fully set forth herein and proceeds as follows:

78. On August 1, 2021, and at all times relevant, Mr. Abenante and Pineda were lawfully married, and, as such, lives and cohabitates with each other.

79. As set forth above, Defendants owed Mr. Abenante and Pineda duties related to the safe operation of Sabree's Vehicle and Raygoza's vehicle.

80. As set forth above, Defendants breached their respective duties.

81. Defendants' breach of their respective duties was the legal and proximate cause of Pineda's injuries.

82. As a direct and proximate result of the injuries sustained by Pineda in the Subject Collision, which were negligently caused by Defendants, Mr. Abenante has been deprived of the love, affection, consortium, and all mutual benefits of a marital relationship with his spouse.

83. As a further direct and proximate result of the acts and omissions of Defendants, Plaintiff has had to retain the services of Nettles | Morris and the law offices of Parente & Norem, P.C. to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

///
///
///
///

-11-

**WHEREFORE**, Plaintiffs, expressly reserving the right to amend this Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, demand judgment against Defendants, and each of them, as follows:

1. For general and special damages in excess of $15,000.00;
2. For past and future medical expenses in a sum to be determined at trial;
3. For general damages for pain, suffering, mental distress, anguish and fear, to be determined at trial;
4. For general damages for Plaintiff Abenante's loss of consortium;
5. For past and future loss of earnings, to be determined at trial;
6. For any and all pre- and post- judgment interest allowed under the law;
7. For reasonable attorney's fees plus costs of suit; and
8. For such other and further relief as the court may deem just and proper.

Dated this 15th day of June, 2022.

NETTLES | MORRIS

_____
BRIAN D. NETTLES, ESQ
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014

And

CHRISTOPHER M. NOREM, ESQ.
(*pro hac vice* admission forthcoming)
DENNIS M. LYNCH, ESQ.
(*pro hac vice* admission forthcoming)
The Law Offices of PARENTE & NOREM, P.C.
221 N. LaSalle St., Ste. 1750
Chicago, Illinois 60601
*Attorneys for Plaintiffs*